UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Prinscillia Sumpter, | ] | Case No: 2:24-cv-04423-DCN-MGB |
| Plaintiff, | ] | |
| vs. | ] | **RESPONSE TO BERKELEY COUNTY** |
| South Carolina State Superintendent | ] | **SUPERINTENDENT ANTHONY DIXON'S** |
| Ellen Weaver, Berkeley County | ] | **COMMPLAINT AND REQUEST** |
| Superintendent Anthony Dixon | ] | **FOR INJUNCTION.** |
| Defendant, | | |

The Plaintiff Prinscillia Sumpter filed a complaint along with a request for an injunction from this court to stop Berkeley County School Board Budge Committee from terminating Title 1 Funding by closing JK Gourdin Elementary School prior to Plaintiff exhausting all hearing and appeal rights. Title 1 is a federal funded project allocated by South Carolina Department of Education for low income students attending JK Gourdin Elementary School.

In Accordance to South Carolina Department of Education Hearing Procedure, the Plaintiff needed to request a hearing from the State Superintendent Ellen Weaver and not the County Superintendent Mr. Dixon. This is the policy implemented by South Carolina Department of Education. Mr. Dixon legal counsel Mr. Gaskin requested that the court keep him up to date with this case, so this is why Plaintiff included Mr. Dixon with this case. Mr. Dixon is the Superintendent over all Berkeley County Schools to include JK Gourdin Elementary School.

<u>Plaintiff has outlined and commented on Berkeley County Superintendent Anthony Dixon complaint and request for an injunction.</u>

Plaintiff has no response to Mr. Dixon's the Defendants answered 1 through 5 except 5(c). The decision to close JK Gourdin Elementary and terminate Title 1 Funding was not decided by Berkeley County School Board. The decision was made by Berkeley County School Board Budget Committee during a budget meeting that was finalized based on an amendment and not a vote by a majority of Berkeley County School Board members. The three-panel budget committee decided to close JK Gourdin and terminate Title 1 funding without following recipients appeal rights.

Plaintiff has no response to Mr. Dixon's answer for 6 through 9. In question 7 Plaintiff would like to clarify that JK Gourdin is located in Russellville, SC and St. Stephen Elementary is located in St. Stephen, SC. Black Tom Road new school is not within the Jurisdiction of either school and is being built to benefit Cane Bay a predominately white school. JK was closed so their funding could be allocated to this new school.

Plaintiff disagree with Mr. Dixon response to 9(b). The decision to close JK Gourdin was not made by Berkeley County School Board, but by a three-person Budget Committee Panel who within the last few minutes of their meeting amended their budget report to close JK Gourdin with no notice of appeal rights offered to Plaintiff or any parent of the students attending JK Gourdin. This decision was discrimination.

The School Board needed funds to build a new school to relive overcrowding at Cane Bay. JK Gourdin is a large school that has been remodeled over and the school has plenty of room to hold students from Cane Bay to alleviate overcrowding but the thought of transporting white children to a predominately black school was a harsh no by the School Board even though it has been don before when Cainhoy was transported to Timberland, which resulted in students riding the bus

2

for over an hour for almost a decade, both schools were predominantly black. A new school is being built on Black Tom road so that the children in that rural black area can be transferred back into their own community.

## Plaintiff Response to Defense complaint

**First Defense Response**: The Plaintiff filed a complaint and requested an injunction in her complaint, so a claim has been stated even if the Defendant do not like it.

Berkeley County School Board Committee discriminate against my niece and the predominately black student body of JK Gourdin Elementary School. Berkeley County School Board appointed a three-person Budget Committee to backdoor and blindside the Plaintiff with an unexpected termination of Title 1 funding without providing prior notice as required by South Carolina Department of Education policy. A long-term decision to close JK Gourdin, a public Title 1 elementary school cannot lawfully be adopted as an amendment to a school budget and closed with no warning to benefit white children who attend Upper Berkeley County public schools in the Cane Bay area.

Berkeley County School Board Budget Committee based their decision on finance and not academic, which is appealable. Title 1 is a federal funded program allocated by South Carolina Department of Education. JK Gordin is a ninety-seven percent predominately black elementary school located in lower Berkeley County. The decision to terminate Title 1 Funding by closing JK Gourdin was done with malice, intent to take away from my black niece, and other black students at JK Gourdin Elementary, so funds can be diverted to upper Berkeley County School District in the Cane Bay area, which is predominately white. Title VI of the Civil Rights

Act of 1964 prohibits discrimination based on race, color, or national origin in programs or activities that receive federal financial assistance.

Berkeley County School Board is currently under several investigation for civil rights violations by the Department of Education. It is the Plaintiffs belief that Berkeley County School Board created this three-person panel to close JK Gourdin in hopes of going under the Civil Rights radar by not allowing parents the right to appeal such decision. Unfortunately, Berkeley County School Budget Committee and Berkeley County School District did not adhere to South Carolina Department of Education Hearing Procedures once the decision was made. Superintendent Dixon was contacted by Plaintiff and at the time he stated that he was not aware this was going to happen, even though he is the Superintendent of every school in Berkeley County.

Title I, is a federal funded program. Part A (Title I) of the Elementary and Secondary Education Act, as amended by Every Student Succeeds Act (ESEA) provides supplemental financial assistance to school districts for children from low-income families. Its purpose is to provide all children significant opportunity to receive a fair, equitable, and high-quality education, and to close educational achievement gaps by allocating federal funds for education programs and services. JK Gourdin was not on any academic probation or under any warning indicating the possibility of any potential school closure.

**Second Defense Response:** This is not a private action. Superintendent Dixon is the Executive Director over every school in Berkeley County School District.

**Third Defense Response:** Doctrine of Immunity do not apply to Civil Rights violations.

**Fourth Defense Response:** Mr. Dixon fail to act in a way that intentionally causes the School Board Budget Committee to believe their act were true and final. Mr. Dixon failed to act when Plaintiff addressed concern and requested a hearing. Mr. Dixon proceed to claim he just learned of the closure of JK a day prior to Plaintiff learning of such action. Plaintiff requested to file a discrimination complaint and was directed to the Department of Education Civil Rights Division Mr. Dixon has passed the buck and not taking any type of accountability of a School District he is the Superintendent over.

**Fifth Defense Response:** Plaintiff has not signed or waived any rights she have on behalf of herself or her minor niece.

**Sixth Defense Response:** Plaintiff has made ever effort to exhaust or otherwise follow any applicable administrative remedies. Plaintiff requested a hearing in accordance to South Carolina Department of Education Hearing Process, Plaintiff sent a certified requesting for a hearing within the allowed 30 days. South Carolina State Superintendent signed for request but failed to schedule hearing per state policy. In accordance to South Carolina Department of Education, the appeal process for a hearing require notice be sent via certified to the State Superintendent and not the County Superintendent.

**Seventh Defense Response:** No response

Under Berkeley County School Board Policies and Procedures, a minimum of five members must vote to implement change. Berkeley County School Budget Committee consisted of a three-person panel that amended their budget to close JK Gourdin in the last five minutes of their budget meeting without a majority of the School Board to vote on a decision that

negatively impacted an entire elementary school, Section 59-19-510 and 59-19-90 a parent has the right to appeal the committee's decision that negatively impacting their child. Plaintiff appeal under South Carolina Department of Education Hearing Process because the decision terminated federal funding allocated by the State. Plaintiff was not provided any appeal rights and or notices once the decision to terminate federal funding was decided by means of closing JK Gourdin. Mr. Dixon office was unwilling to assist Plaintiff in scheduling a hearing to appeal such decision, instead he in conjunction with the School Board rapidly transferred my niece and other students to a nearby below average elementary school in hopes that this would hinder Plaintiffs appeal rights.

According to South Carolina Department of Education, anytime federal funding for a project/program is terminated or changed, the recipient has appeal rights. Berkeley County School Budget Committee, Berkeley County Superintendent Anthony Dixon, and South Carolina Department of Education State Superintendent Ellen Weaver have ignored the Plaintiffs request for a hearing and this is what prompt the Plaintiff to file a complaint and request an injunction.

South Carolina Department of Education has an "Appeal Hearing Procedure' that the State Superintendent has dismissed in this matter. South Carolina Department of Education Appeal Hearing Procedure outlines step a recipient have to address concerns, terminations and or disagreements within decisions impacting federal funding. In accordance to South Carolina Appeal Hearing Procedure a decision by the South Carolina Department of Education (SCDE) upon receipt of a request by an applicant or subgrantee (hereinafter collectively "applicant") related to federal programs administered by the SCDE and subject to the Education Department General Administrative Regulations (EDGAR), 34 CFR §§ 75 and 76. This policy outline 5

steps that South Carolina Department of Education has failed to adhere to, which is their own policy. One in particular require the Plaintiff to request an appeal via certified mail address to the State Department of Education Superintendent, which is what the Plaintiff did (see enclosed certified notice return receipt).

Statement of Claim and Relief

Title VI of the Civil Rights Act of 1964 prohibits discrimination based on race, color, or national origin in programs or activities that receive federal financial assistance. Berkeley County School District receive federal funding allocated by South Carolina Department of Education. Berkeley County School Board violated this act when they allowed a three-panel budget committee to terminated funding allocated to my niece so funding could be redirected to white school districts within Berkeley County. Berkeley County School Board who have counsel should have known that allowing a Budget Committee that consist of three people and not the majority of the board as required by law, is illegal and goes against Berkeley County School Board policy and procedures. Even if we remove the voting method, termination funding provided by the federal government comes with appeal rights for recipient even if the decision is framed around a budge amendment. The Plaintiff was not provided hearing rights as guaranteed under South Carolina Department General Administrative Regulations (EDGAR), 34 CFR §§ 75 and 76 after a request for a hearing was submitted within the allowed timeframe. Plaintiff provided a written request for a hearing, that request as of this date has been ignored and no hearing has been scheduled. According to South Carolina Department of Education policy, a hearing should have been scheduled within 30 days of request. Plaintiff believed South Carolina Department of Education Superintendent and Berkeley County School Board, who all are

predominately white where more concern with helping ease the burden of predominately white schools with the sacrifice of JK Gourdin a predominately black elementary school.

Plaintiff Prinscillia Sumpter initially filed a complaint to include a request for an injunction to stop Berkeley County School District from terminating Title 1 funding allocated to her minor niece through her attendance at JK Gourdin Elementary. Plaintiff is the legal guardian of minor child. Plaintiff claim is to request this injunction while asking the Judge to reverse and stay the decision to close JK Gourdin pending Plaintiffs right to an appeal as outlined by South Carolina Appeal Procedure, to include appeal process., if needed.

The relief plaintiff requested is within the complaint and injunction already requested by Plaintiff. The Plaintiff request the decision to close JK Gourdin be rescinded pending Plaintiffs exhaust all appeal rights. Berkeley County School District even after being given notice of an appeal to such decision, they quickly transferred my niece to St. Stephen Elementary within weeks in an effort to avoid adhering to an injunction. Plaintiff request this injunction be put in place and Berkeley County School District be instructed to make things whole again, pending all appeal rights guaranteed to me on behalf of my minor niece. The Plaintiff believes Berkeley County School Board quickly transferred my niece in hopes of denying the Plaintiff her day in court. Plaintiff is also requesting a jury trial in this matter in the event Berkeley County School Board decline to rescind termination of Title 1 Funding allocated to JK Gourdin. South Carolina Appeal Hearing Procedure a decision by the South Carolina Department of Education (SCDE) administered by the SCDE and subject to the Education Department General Administrative Regulations (EDGAR), 34 CFR §§ 75 and 76 require request for appeal be address to the State of South Carolina Superintendent and not the County Superintendent. Mr. Anthony Dixon is the

Superintendent for Berkeley County. Mr. Dixon was added to the case because he is the Superintendent of the County JK Gourdin is located in and per his legal counsel, requested that Mr. Dixson be kept up to date with the case, so he was added. South Carolina Department of Education cannot establish policies and then pick and choice which one they adhere too.

The Plaintiff prays the Judge dismiss request for an injunction. The State Superintendent or the County School Superintendent is not above the law and should not be allowed to strip a parent of their right to an appeal. If this is allowed none of our predominately black schools are safe from this same tactic to close our schools.

The Plainitff prays the Defendants request for reasonable attorney fees and cost and any other relief be denied. Defendant's attorney Mr. Gaskin requested his client be added to this case, but now he wants it dismissed with cost. Mr. Dixon is the Superintendent of Berkeley County School District. As a Parent, I have every right to appeal a decision that I believe is not fair and discriminate against my niece without retribution. The State Superintendent could have easily scheduled a hearing as required by their own policy and this would have been resolved or on appeal months ago.

The Plaintiff also pray that your honor approve her request for an injunction while the State Department of Education allow a hearing as requested by the Plaintiff back on July 29, 2024 in accordance to South Carolina Department of Education Hearing Process. The Plaintiff is entitled to due process in this matter on behalf of her minor niece who she is her legal guardian. Berkeley County quickly transferred my niece and other students to another school prior to the appeal process and less than the allowed 30 days, to hinder due process, this should not be a

factor in not granted an injunction I am seeking just until my hearing has been heard and if needed an appeal has been filed..

On 2nd Day of December 2024.

*Prinscillia Sumpter*

Prinscillia Sumpter

Plaintiff/Pro Se

109 Childrens Ln

St Stephen, SC 29479